IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICHARD GLENN TURNBO,            )
                                 )
                    Petitioner,  )
                                 )
        v.                       )          Case No. 22-3311-JWL
                                 )
D. HUDSON, Warden,               )
                                 )
                    Respondent.  )
                                 )
_____)

## **<u>MEMORANDUM AND ORDER</u>**

Petitioner has filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges his custody classification by the Bureau of Prisons (BOP), which he claims is based on incorrect information in his presentence report (PSR).  The Court set deadlines for the filing of an answer and traverse, and respondent has filed an answer, but petitioner did not file a traverse or any reply brief, and the matter is therefore ripe for ruling. For the reasons set forth below, the Court **denies** the petition.

Section 2241 provides for a writ of habeas corpus if the prisoner is in custody in violation of the federal Constitution or federal law.  *See* 28 U.S.C. § 2241(c)(3).  Petitioner has not explained how his confinement violates the Constitution or federal law, however. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (due process is not invoked by a prisoner classification decision); *Meachum v. Fano*, 427 U.S. 215, 224 (1976) (prison placement does not implicate due process).  Thus, petitioner has not shown that he is entitled to relief under Section 2241.  *See Lee v. English*, 2019 WL 3891147, at *9-10 (D. Kan. Aug. 19,

2019) (Lungstrum, J.) (challenge to BOP's security classification determinations could not be challenged by petition under Section 2241), *aff'd sub nom. Jones v. English*, 817 F. App'x 580 (10th Cir. 2020).

Moreover, the Tenth Circuit has made clear that while a habeas petition may be used by a prisoner to challenge the fact or duration of his confinement, a prisoner who challenges the *conditions* of his confinement must do so through a civil rights action. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012). Petitioner has not explained how his claim implicates the duration of his confinement or otherwise entitles him to release from prison.

Finally, the Court has no authority to correct or otherwise change the information in petitioner's PSR, as such relief must be sought from the court of petitioner's conviction or the United States Probation Office. *See Lee*, 2019 WL 3891147, at *6-8.

Accordingly, because petitioner has not shown an entitlement to relief under Section 2241, the Court denies the petition.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas relief is hereby **denied**.

IT IS SO ORDERED.

Dated this 11th day of April, 2023, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

2